# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

## AMERICAN WITH DISABILITIES ACT COMPLAINT

**John Alan Sakon**                          **7/15/2022**

**v.**                                        **Case No.** 3:22-cv-897-AWT

**State of Connecticut**

## A. PARTIES

1. The plaintiff John Alan Sakon (hereinafter "Sakon" or "plaintiff") is
   a United States citizen who resides at 28 Fenwick Drive,
   Farmington, Connecticut 06032.

2. The defendant is the State of Connecticut; c/o Office of the
   Attorney General, 165 Capital Avenue, Hartford, CT 06106; c/o
   Connecticut Secretary of State, 165 Capital Avenue, Hartford, CT
   06106.

## B. JURISDICTION

1. Jurisdiction is invoked pursuant to Title II and Title V of the
   American with Disabilities Act.

## C. NATURE OF THE CASE

After filing an American with Disabilities Act ("ADA") Application, the
plaintiff was granted an ADA Medical Accommodation in Custody

Proceedings held in the Hartford Family Court by its Presiding Judge (Hon. Leo Diana) to wit:

> ***"the remaining days of trial shall continue in half day morning sessions."***

Subsequently, the trial judge refused to abide by the lawful order of accommodation; harassed the plaintiff due to his disability; interfered with the plaintiff's exercise of his ADA rights; and ordered the plaintiff to attend full day trials.  When the plaintiff filed grievance with the defendant state, it was dismissed.  When the plaintiff sought to exercise his ADA rights, the trial judge coerced the plaintiff to attend all day trials.  When the plaintiff exercised his ADA rights, the trial judge retaliated by concluding plaintiff's case and denying all pending motions for failure to prosecute.

## D. CAUSE OF THE ACTION

   1. **Claim I**

      a. The plaintiff John Alan Sakon ("plaintiff" of "Sakon") is 67-years old citizen of the United States and lives at 28 Fenwick Drive, Farmington, Connecticut 06032.

      b. At times relevant, William Tong, Esq., was the Attorney General of the State of Connecticut, whose duties include, *inter alia,* enforcing federal and state laws.

c. At all times relevant, the Honorable Leo Vincent Diana was the Presiding Judge of the State of Connecticut Family Superior Court at 90 Washington Street, Hartford, Connecticut whose duties include, *inter alia,* the implementation and enforcement of the American with Disabilities Act in his courthouse.

d. At all times relevant, Melanie S. Buckley was the Director of the Human Resource Management Unit of the State of Connecticut Judiciary at 90 Washington Street, Hartford Connecticut, whose duties include, *inter alia,* the handling of Grievance/Complaints filed with the Superior Court under the American with Disabilities Act.

e. At all times relevant, the Honorable Tammy Nguyen-Odowd (hereinafter "Judge Nguyen-Odowd" or "trial judge") was a State of Connecticut Superior Court Judge assigned to the State of Connecticut Family Superior Court at 90 Washington Street, Hartford, Connecticut.

f. Sakon was a party in a Custodial Hearing for his minor child in the matter Sakon v. Sakon; HHD-FA-16-4083622-S held in the Hartford Superior Court Family Division.

g. Between 2016 and 2018, Sakon was arrested nine times for 18 felonies and 3 misdemeanors by the Defendant State of Connecticut mostly for charges on complaint of plaintiff's spouse *after* plaintiff filed for divorce and *after* he moved out of the couple's house.   Unable to post his $1,150,000 bail, Sakon went to a State of Connecticut SuperMax prison in 2017.  Facing 150 years in prison, Sakon elected trial by jury and in the winter of 2018-2019 all twenty-one charges terminated in favor of Sakon after trial, but at severe cost to his health and bankruptcy.

h. Three months after the conclusion of these criminal trials and as a direct result thereof, Sakon had a heart attack at the Connecticut Superior Court at 95 Washington Street, Hartford, Connecticut on 03/08/2019 and underwent Cardiac Surgery on 04/03/2019 which condition limits his ability to engage in major life activities.

i. On 05/28/2018, Sakon was struck by a truck while riding his bicycle and suffered permanent injuries and disability which condition limits his ability to engage in major life activities.

**j.** Sakon almost died due to a Serratia Marcescens surgical site infection incurred in an 11/26/2019 surgery which infection damaged Sakon's organs which limits his ability to engage in major life activities.

**k.** *Inter alia,* as a direct result of these false arrests and injuries sustained, Sakon filed for bankruptcy on 09/19/2019 and became *in forma pauperis*.

**l.** The 2016 custody matter was not assigned to Judge Nguyen-Odowd until December of 2019.  The trial judge did not commence hearings until May 2021 and continued into March 2022. Trial was compressed into several marathon sessions between those dates.  The continuous start and stopping of trial dates caused great emotional distress and anguish to the defendant which limited his ability to engage in major life activities.

**m.** The loss of the consortium of his child from 2016 to 2022 caused great mental and emotional distress to the plaintiff which limited his ability to engage in major life activities.

**n.** The opposing party in the Custody Action, who claimed indigence in her financial affidavit, was represented by no

less than three different attorneys and their paralegal staff; and rested her case after 23 days of marathon all-day sessions at a cost exceeding $400,000.

o. After said marathon sessions, on 12/8/2021, the 67-year old disabled pro se plaintiff filed for an American with Disabilities Act Medical Accommodation due to his age, exhaustion, disability and compromised health.

p. After hearing and presentation of medical evidence, the Hartford Family court Presiding Judge (Hon. Leo Vincent Diana) ordered an American with Disabilities Act ("ADA") Medical Accommodation for John Sakon as follows:

*"the remaining days of trial shall continue in half day morning sessions."*

See Exhibit A attached hereto.

q. Subsequently, Judge Nguyen-Odowd ignored the lawful order as to the ADA Medical Accommodation and coercively ordered Sakon to attend multiple all-day sessions or she would conclude his case in violation of the ADA.

r. On February 14th, 2022, the 32nd day of trial, Sakon advised Judge Nguyen-Odowd in the PM that he did not feel well, had a diminished capacity and sought to exercise his rights

under the ADA.  Judge Nguyen-Odowd ordered Sakon to proceed or to conclude his case.  Given no choice, the Sakon proceeded in the PM with a diminished capacity.

s. On February 16th, 2022, Sakon advised Judge Nguyen-Odowd in the PM that he did not feel well, had a diminished capacity and sought to exercise his rights under the ADA. Judge Nguyen-Odowd ordered Sakon to proceed or to conclude his case.  Given no choice, the Sakon proceeded in the PM with a diminished capacity.

t. As a direct result of all-day sessions in direct violation of the Accommodation, on 02/18/2022, Sakon had a medical incident and checked himself into an Urgent Care clinic at 8 AM, which reported an EKG test of Sakon had abnormal results and recommended Sakon take immediate rest.  The EKG report was presented into evidence before the trial judge at 10 AM and an oral motion for continence was requested.   It was denied.

u.  Judge Nguyen-Odowd ordered Sakon to proceed to the all-day trial on 02/18/2022 or to conclude his case.  In failing health and upon the written medical advice of his doctors

which was supplied to the court, Sakon went home at 10.30 AM on 02/18/2022 and was later admitted to the UConn Health Center Emergency Room for Observation.

v.  Sakon attended the morning session on 3/9/2022 and sought to exercise his rights under the ADA to limit the hearing to a half-day morning session. Judge Nguyen-Odowd ignored the Medical Accommodation and ordered Sakon to appear at 2 PM or conclude his case. Fearing for his health and relying upon the granted ADA medical accommodation, Sakon did not attend the afternoon session.

w.  Sakon attended the morning session on 3/15/2022 and sought to exercise his rights under the ADA to limit the hearing to a half-day morning session. Judge Nguyen-Odowd ignored the Medical Accommodation and ordered Sakon to appear at 2 PM or conclude his case. Fearing for his health and relying upon the granted ADA medical accommodation, Sakon did not attend the afternoon session.

x.  The trial judge discriminated against Sakon on the basis of his disability and superseded her own judgment over the advice of medical professionals and superseded her own

judgment over the order of an ADA Accommodation granted by the Presiding Judge of the Hartford Family court.

*y.* The State of Connecticut is an entity covered by the American with Disabilities Act, as amended.

*z.* On 01/29/2022, Sakon filed a Grievance/Complaint under the Americans with Disabilities Act with the Connecticut Superior Court.  The complaint was dismissed as "*the resolution you are requesting fall outside the scope of the ADA Grievance complaint procedures as it is a matter for the Court.*"  In its 02/18/2022 notice of dismissal, Melanie Buckley, the Director of Human Resource Management advised if further review of the matter is warranted, the plaintiff should contact Federal Agencies.

**aa.** Defendant's actions caused significant emotional distress, fear of being stripped of his right as a father to his child, intimidation, humiliation and personal indignity, emotional pain, embarrassment, fear for his health, physical pain, physical discomfort, and anguish to the plaintiff and sense of isolation from being singled out on the basis of his disability.

**bb.** By ordering full-day trials and refusing Sakon's exercise of his rights under the ADA, the defendant intentionally discriminated with a "deliberate indifference" to the plaintiff's disability and lawful exercise of his rights pursuant to Title II of the American with Disabilities Act.

2. **Claim II**

a. Paragraphs a–aa of the First Claim is hereby made paragraphs a-aa of this the Second Claim.

bb. By threatening Sakon with the conclusion of his case if he exercised his ADA rights, the trial judge created a hostile environment of coercion because of his disability which is harassment pursuant to the American with Disabilities Act.

2. **Claim III**

a. Paragraphs a–aa of the First Claim is hereby made paragraphs a-aa of this the Third Claim.

bb. When Sakon exercised his rights pursuant to the Accommodation, the trial judge retaliated against Sakon and issued the following order (Attached hereto as Exhibit B):

*"The defendant did not return to trial after the lunch recess at 2 pm. The defendant's case is concluded. He has failed to present his testimony and evidence as set forth in the court's scheduling order."*

*"All of the defendant's pending motions for contempt before this court are DENIED with prejudice for failure to prosecute."*

*"The defendant's pending motions to disqualify are DENIED with prejudice for failure to prosecute."*

*The parties shall file proposed findings of facts to the court by April 14, 2022.  The proposed findings shall not exceed 20 double spaced pages.  And reference to the exhibits shall be identified by number and/or letter."*

cc.  By concluding plaintiff's case with prejudice, the trial judge

retaliated against Sakon for his disability and interfered with

the exercise of the plaintiff's rights under the American with

disabilities Act with intentional discrimination due to his

disability and with "deliberate indifference".

## D. REQUEST FOR RELIEF

The plaintiff seeks:

1. A cease and desist order for future violations of the American with

   Disabilities Act by the defendant;

2. An order of a new trial where plaintiff is not discriminated by the

   defendant in the exercise of his ADA rights.

3. Compensatory damages for emotional and physical distress; medical

   costs; lost of income from work; the legal costs and the cost for legal

   counsel for a new trial pursuant, *inter alia,* to Section 504 of the

Rehabilitation Act and Title II of the ADA and/or Title VI and Title IX of

the Civil Rights Act.

4. Costs and Attorneys' fees included in this civil suit.   42 U.S. Code §

12132; § 12133; 29 U.S. Code § 794a.

## E. JURY DEMAND

The defendant makes claim to a jury trial.

Respectfully Submitted,


BY:_____

John Alan Sakon, Pro Se Plaintiff
28 Fenwick Drive
Farmington, CT 06040
860-793-1000
johnsakon@yahoo.com


### DECARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he is the plaintiff in the above action, the he has read the above complaint and that the information contained in the complaint is true and correct.  28 U.S.C. § 1746; 18 U.S.C. 1621.

Executed at Hartford, Connecticut on _____(date).


BY:_____
John Alan Sakon, Pro Se Plaintiff


12

**Exhibit A**

ORDER   435698

DOCKET NO: HHDFA166071228S

SAKON, FRANCELIA
   V.
SAKON, JOHN A

SUPERIOR COURT

JUDICIAL DISTRICT OF HARTFORD
   AT HARTFORD

12/8/2021

<u>ORDER</u>

All Parties Present. Plaintiff Counsel Present.

The following order is entered in the above matter:

ORDER:

The court has reconsidered the defendant's oral motion for continuance after being provided medical documentation.

The court makes the following ruling.

The court grants the defendant's oral motion for continuance and shall make accommodations as follows: the remaining days of trial shall continue in half day morning sessions.

If the defendant's health status changes, he must inform the court.

The court hereby seals the Court's Exhibit A: Defendant's Medical Letter.

Judicial Notice (JDNO) was sent regarding this order.

435698

Judge: LEO VINCENT DIANA
Processed by: Erika Terencio

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.

**Exhibit B**

ORDER   438577

DOCKET NO: HHDFA166071228S

SUPERIOR COURT

SAKON, FRANCELIA
 V.
SAKON, JOHN A

JUDICIAL DISTRICT OF HARTFORD
 AT HARTFORD

3/15/2022

<u>ORDER</u>

The following order is entered in the above matter:

ORDER:

The defendant did not return for trial after the lunch recess at 2 pm. The defendant's case is concluded. He has failed to present his testimony and evidence as set forth in the court's scheduling order.

All of the defendant's pending motions for contempt before this court are DENIED with prejudice for failure to prosecute.

The defendant's pending motions to disqualify are DENIED with prejudice for failure to prosecute.

The parties shall file proposed findings of facts to the court by April 14, 2022. The proposed findings shall not exceed 20 double spaced pages. Any reference to the exhibits shall be identified by number and/or letter.

Judicial Notice (JDNO) was sent regarding this order.

438577

Judge: TAMMY NGUYEN-ODOWD
Processed by: Philip Nair

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.