UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------- x
JOHN ALAN SAKON,                 :
                                 :
          Plaintiff,             :
                                 :
v.                               :
                                 :  Civil No. 3:22-cv-897 (AWT)
                                 :
STATE OF CONNECTICUT and         :
TAMMY NGUYEN-O'DOWD,             :
                                 :
          Defendants.            :
------------------------------- x
```

## RULING ON DEFENDANTS' MOTION TO DISMISS

Defendants State of Connecticut and Judge Tammy Nguyen-O'Dowd have moved to dismiss plaintiff John Alan Sakon's Amended Complaint. For the reasons set forth below, the defendants' motion is being granted.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

This case arises from a custody proceeding that was part of an action in Connecticut Superior Court for dissolution of the plaintiff's marriage. On December 8, 2021, on the basis of medical documentation provided by the plaintiff, Judge Leo Diana of the Connecticut Superior Court issued an order granting the plaintiff's oral motion to continue trial and stating that the court would "make accommodations as follows: the remaining days of trial shall continue in half day morning sessions." Ex. A, Am. Compl. (ECF No. 30-1) at 1. On March 15, 2022, Judge Tammy Nguyen-O'Dowd was presiding at trial. The plaintiff (who was the

defendant in that case) did not return for trial after the lunch recess. In response, the court (Nguyen-O'Dowd, J.) "concluded" his case because of his failure "to present his testimony and evidence as set forth in the court's scheduling order" and also denied his pending motions for contempt and to disqualify with prejudice for failure to prosecute. Ex. B, Am. Compl. (ECF No. 30-2) at 1. The state court entered judgment on July 15, 2022, awarding custody of the plaintiff's child to the child's mother. On August 4, 2022, the plaintiff appealed that judgment. The appeal remains pending.

On July 15, 2022, the plaintiff, proceeding in forma pauperis, filed the Complaint in this matter, bringing claims against the State of Connecticut pursuant to Title II and Title V of the Americans with Disabilities Act. The case was referred to a Magistrate Judge for a ruling on the plaintiff's motion to proceed in forma pauperis and for a recommended ruling pursuant to 28 U.S.C. § 1915(e)(2)(B). The Recommended Ruling (ECF No. 13), issued on November 10, 2022, recommended that the Complaint be dismissed without leave to amend. On December 2, 2022, the court held an in-person status conference and gave the plaintiff leave to file an amended complaint to address deficiencies identified in the Recommended Ruling. The plaintiff filed the Amended Complaint (ECF No. 30) on December 9, 2022, bringing claims against the State of Connecticut and Judge Nguyen-O'Dowd

-2-

pursuant to 42 U.S.C. § 1983 and the ADA.

## II.  LEGAL STANDARD

When deciding a motion to dismiss under Rule 12(b)(1), the court is "not to draw inferences from the complaint favorable to the plaintiffs." J.S. v. Attica Cent. Sch., 386 F.3d 107, 110 (2d Cir. 2004). Rather, "when the question to be considered is one involving the jurisdiction of a federal court, jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998) (citing Norton v. Larney, 266 U.S. 511, 515 (1925)). "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

When deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly,

550 U.S. 550, 555 (2007) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (citations omitted). However, the plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." Id. at 568.

"The function of a motion to dismiss is 'merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" Mytych v. May Dep't Store Co., 34 F. Supp. 2d 130, 131 (D. Conn. 1999) (quoting Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984)). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims." United States v. Yale New Haven Hosp., 727 F. Supp. 784, 786 (D. Conn. 1990) (citing Scheuer, 416 U.S. at 232).

In its review of a motion to dismiss for failure to state a claim, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transp. Local 504, 992 F.2d 12, 15 (2d Cir. 1993). "[I]n some cases, a document not expressly incorporated by reference in the complaint is nevertheless 'integral' to the complaint and, accordingly, a fair object of consideration on a motion to dismiss. A document is integral to the complaint 'where the complaint relies heavily upon its terms and effect.'" Goel v. Bunge, Ltd., 820 F.3d 554, 559 (2d Cir. 2016) (quoting Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002)).

### III. DISCUSSION

Pursuant to 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213, the plaintiff seeks (1) "injunctive relief . . . to arrest the [state court] decree that violates the ADA and civil rights of the plaintiff and [his] son," (2) a "declaratory judgment that the public service provided by the defendants violated the ADA and protections of the Fourteenth and First Amendment," and (3) "compensatory damages, fees, [and] costs." Am. Compl. at 5.  The defendants contend that the court lacks subject matter jurisdiction over the plaintiff's claims under the Rooker-

_Feldman_ doctrine, the Eleventh Amendment, the domestic relations abstention doctrine, and judicial immunity. The defendants also contend that the Amended Complaint fails to state a claim upon which relief can be granted under either the ADA or Section 1983.

**A.   Section 1983**

To the extent the plaintiff has brought claims against the defendants under Section 1983, the claims are being dismissed. With respect to the State of Connecticut, sovereign immunity bars the entirety of his claim. With respect to Judge Nguyen-O'Dowd, sovereign immunity bars the entirety of his claim against Judge Nguyen-O'Dowd in her official capacity. Likewise, judicial immunity bars the entirety of his claim against Judge Nguyen-O'Dowd in her individual capacity. In addition, Section 1983 bars any claim for injunctive relief against Judge Nguyen-O'Dowd in her individual capacity.

**1.   State of Connecticut**

The defendants maintain that the court lacks subject matter jurisdiction over the plaintiff's claims under the _Rooker-Feldman_ doctrine. The defendants contend that the state court judgment is final, _see_ Defs.' Mem. (ECF No. 33-1) at 15, but they note that, with respect to the custody judgment at issue, the plaintiff's "appeal remains pending," _id._ at 6. "_Rooker-Feldman_ does not apply when state proceedings have neither ended

nor led to orders reviewable by the United States Supreme Court." Hunter v. McMahon, ___ F.4th ____, 2023 WL 4671281, *5 (2d Cir. July 21, 2023) (quoting Malhan v. Sec'y U.S. Dep't of State, 938 F.3d 453, 460 (3d Cir. 2019)). Because state proceedings were ongoing at the time the Complaint in this matter was filed, Rooker-Feldman does not bar the plaintiff's claims.

But sovereign immunity does bar the plaintiff's claims for relief against the State of Connecticut pursuant to Section 1983. "[S]uits against governmental entities are limited by the Eleventh Amendment which prohibits a citizen of a State from suing a State or its agencies in federal court." Goonewardena v. New York, 475 F.Supp.2d 310, 322 (S.D.N.Y. 2007). "In order to be subject to suit in federal court, a state must expressly and unambiguously waive its sovereign immunity, or Congress must clearly and unmistakably express its intention to abrogate the immunity in the language of the particular statute." Wagner v. Conn. Dep't of Correction, 599 F.Supp.2d 229, 238 (D. Conn. 2009). "A State's sovereign immunity is not abrogated by 42 U.S.C. § 1983," Thomas v. Calero, 824 F.Supp.2d 488, 498 (S.D.N.Y. 2011), and "Connecticut has not waived its sovereign immunity" under Section 1983, Wagner, 599 F.Supp.2d at 238. To the extent the plaintiff intended to bring a claim against the State under Section 1983, that claim is being dismissed.

2.   **Judge Nguyen-O'Dowd**

Any individual-capacity claim against Judge Nguyen-O'Dowd pursuant to Section 1983 is barred by judicial immunity. "It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions." Bliven v. Hunt, 579 F.3d 204, 209 (2d Cir. 2009). However, "[l]ike other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991). "Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." Id. Rather, judicial immunity is overcome only under two circumstances. "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity." Id. "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Id.

Neither circumstance is present here. First, taking the plaintiff's allegations as true, Judge Nguyen-O'Dowd acted in her judicial capacity when she "retaliated against plaintiff for exercising his accommodation, by dismissing pending motions with prejudice, terminating trial, and proceeding to judgment." Am. Compl. at 2. These acts are judicial in nature because they are "acts arising out of, or related to, individual cases before the

judge," Bliven, 579 F.3d at 210, and consist of "function[s] normally performed by a judge, and to the expectations of the parties, i.e., [in dealing] with the judge in [her] judicial capacity." Huminski v. Corsones, 396 F.3d 53, 75 (2d Cir. 2005) (quoting Stump v. Sparkman, 435 U.S. 349, 362 (1978)). Second, each of these acts was taken within the state court's jurisdiction to decide pending motions and to control its docket during state custody proceedings involving the plaintiff. See Bobrowsky v. Yonkers Courthouse, 777 F.Supp.2d 692, 715 (S.D.N.Y. 2011).

The plaintiff asserts that Judge Nguyen-O'Dowd is not protected by judicial immunity because she retaliated against him. See Pl.'s Opp. (ECF No. 36) at 3. However, as noted above, judicial immunity "is not overcome by allegations of bad faith or malice." Mireles, 502 U.S. at 11. Because the relevant actions were judicial in nature, and because they were not taken in the complete absence of jurisdiction, judicial immunity bars the plaintiff's Section 1983 claim against Judge Nguyen-O'Dowd in her individual capacity. See Huminski, 396 F.3d at 75.

Likewise, any official-capacity claim for damages under Section 1983 is barred by sovereign immunity for the reasons set forth above with respect to the State of Connecticut. See Goonewardena, 475 F.Supp.2d at 322 (holding that sovereign immunity "also extends to damage actions against state employees

acting in their official capacities because the state is the real party in interest"). Thus, any such claim for damages is being dismissed.

In addition, any official-capacity claim for injunctive relief against Judge Nguyen-O'Dowd pursuant to Section 1983 is barred by the statute. "[A] state official in his or her official capacity" may be "sued for injunctive relief" as a "person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 n.10 (1989) (quoting Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985)). However, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Judge Nguyen-O'Dowd acted in her judicial capacity when "dismissing [the plaintiff's] pending motions with prejudice, terminating trial, and proceeding to judgment." Am. Compl. at 2. The plaintiff has not alleged facts showing that any declaratory decree was violated or that declaratory relief was unavailable, and he has not contested that declaratory relief was available to him through an appeal to the Connecticut Appellate Court for review of the custody proceedings. See Defs.' Mem. at 24. Thus, Section 1983 precludes

the plaintiff from seeking injunctive relief against Judge Nguyen-O'Dowd.

Therefore, the plaintiff's claims against Judge Nguyen-O'Dowd under Section 1983 are being dismissed.

**B.    <u>Title II of the ADA</u>**

To the extent the plaintiff has brought claims against the defendants under Title II of the ADA, the claims are being dismissed. With respect to the State of Connecticut, the Amended Complaint fails to state a claim upon which relief can be granted. With respect to Judge Nguyen-O'Dowd, claims against her in her individual capacity are barred under the ADA and by judicial immunity, and the Amended Complaint fails to state a claim against her in her official capacity.

**1.    <u>State of Connecticut</u>**

With respect to the State of Connecticut, the Amended Complaint fails to state a claim upon which relief can be granted under Title II of the ADA. "Under Title II of the ADA, 'no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity.'" <u>Fera v. City of Albany</u>, 568 F.Supp.2d 248, 259 (N.D.N.Y. 2008) (quoting 42 U.S.C. § 12132). "To establish a claim under Title II, a plaintiff must demonstrate '(1) that she

is a qualified individual with a disability; (2) that she was excluded from participation in a public entity's services, programs or activities or was otherwise discriminated against by a public entity; and (3) that such exclusion or discrimination was due to her disability.'" Tardif v. City of New York, 991 F.3d 394, 404 (2d Cir. 2021) (quoting Davis v. Shah, 821 F.3d 231, 259 (2d Cir. 2016)). Here, the plaintiff does not plead facts sufficient to establish the third element.[1]

With respect to the first element, the plaintiff has pled facts sufficient to establish that he is an individual with a disability. Under the ADA, "[t]he term 'disability' means, with respect to an individual--(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). Because the plaintiff has not specified which meaning

---

[1] Because the plaintiff does not state a claim upon which relief can be granted under Title II, the court does not address whether Congress abrogated state sovereign immunity pursuant to the Fourteenth Amendment by enacting the ADA. See Goonewardena, 475 F.Supp.2d at 323 ("If there is no violation of Title II, then the Georgia analysis ends and the claim is dismissed on the ground that plaintiff has failed to state a claim rather than that the court lacks jurisdiction due to sovereign immunity."). See also United States v. Georgia, 546 U.S. 151, 159 (2006) (discussing congressional authority to abrogate sovereign immunity under the ADA); Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Scis., 804 F.3d 178, 193-94 (2d Cir. 2015) (same).

of disability is applicable to him, the court discusses each.

As to the first meaning of disability, the plaintiff does not identify how impairments substantially limit any of his major life activities. See Andino v. Fischer, 698 F.Supp.2d 362, 379 (S.D.N.Y. 2010) (dismissing ADA claim where plaintiff with mental impairment failed to address how the impairment limited his major life activities). See also 42 U.S.C. § 12102(2)(A) ("[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working."). The Amended Complaint fails to describe any functional limitations the plaintiff experienced on the relevant dates mentioned in the Amended Complaint and likewise fails to connect limitations to physical or mental impairments. See Recommended Ruling at 19. Thus, the plaintiff has not alleged facts establishing that he had "a physical or mental impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. § 12102(1)(A).

As to the second meaning of disability, the plaintiff has not alleged facts establishing that he had "a record of such an impairment." Id. § 12102(1)(B). A "'record of disability' may be satisfied by a showing that the plaintiff had a disability in the past (even though he no longer suffered from that disability

when the allegedly discriminatory action took place).” Mancini
v. City of Providence, 909 F.3d 32, 40 (1st Cir. 2018). Actual
disability, discussed above, and record of disability “represent
two sides of the same coin.” Id. “Both definitions hinge on
whether the plaintiff has shown a physical or mental impairment
that affects a major life activity, and if so, whether the
impairment substantially limits the major life activity.” Id. It
may be inferred from the state court’s accommodation order that
the plaintiff had a record of impairments with which the state
court was aware, but the plaintiff has not alleged facts showing
how any such impairment substantially limited any of his major
life activities.

As to the third meaning of disability, the plaintiff has
shown that he was “regarded as having such an impairment.” 42
U.S.C. § 12102(1)(C). “Where an individual has failed to plead
an actual disability or record of a disability, she may make a
case that she was ‘regarded as’ disabled under the ADA.”
Hernandez v. Int’l Shoppes, LLC, 100 F.Supp.3d 232, 250
(E.D.N.Y. 2015). “An individual meets the requirement of ‘being
regarded as having such an impairment’ if the individual
establishes that he or she has been subjected to an action
prohibited under [the ADA] because of an actual or perceived
physical or mental impairment whether or not the impairment
limits or is perceived to limit a major life activity.” 42

U.S.C. § 12102(3)(A). The "plaintiff need only establish that
defendant regarded him as having a mental or physical
impairment." Rodriguez v. Verizon Telecom, 2014 WL 6807834, at
*5 (S.D.N.Y. Dec. 3, 2014). Although the defendants contend that
the plaintiff must "allege facts . . . that would support a
conclusion that Judge Nguyen-O'Dowd believed that the 'mental
defect' substantially limited Plaintiff's ability to engage in
major life activities," Defs.' Opp. at 28, the plaintiff "is not
required to present evidence of how or to what degree [the
defendants] believed the impairment affected him," Hilton v.
Wright, 673 F.3d 120, 129 (2d Cir. 2012). The Amended Complaint
alleges that Judge Nguyen-O'Dowd acted on the basis of a "mental
defect of plaintiff," Am. Compl. at 1, an "alleged mental
defect," id. at 3, "alleged narcissistic beliefs," id. at 4, and
"a mental defect/personality disorder," id. at 5. The Amended
Complaint also incorporates the state court's accommodation
order, which refers to medical documentation provided by the
plaintiff. See Ex. A, Am. Compl. at 1. Although the Amended
Complaint does not discuss the basis for the accommodation
order, drawing reasonable inferences in favor of the plaintiff,
it can be inferred on the basis of that order that the state
court regarded the plaintiff as having a disability, whether or
not that impairment limited or was perceived to limit the
plaintiff's major life activities. Accordingly, the plaintiff

-15-

has alleged facts sufficient to establish the first element of a Title II claim--namely, that he is a qualified individual with a disability--because he was regarded as having a disability as defined in the ADA.

With respect to the second element, the plaintiff has alleged--and the defendants do not contest--that the defendants are public entities subject to Title II of the ADA and that court proceedings are among the defendants' services, programs, or activities. See Hilton v. Wright, 928 F.Supp.2d 530, 553-54 (N.D.N.Y. 2013) ("Title II of the ADA prohibits disability discrimination by public entities at the local and state level."). The plaintiff has also alleged facts sufficient to establish that he "was excluded from participation in a public entity's services, programs or activities" to the extent that the plaintiff alleges he was prevented from submitting evidence, pursuing pending motions, and participating further in the trial. Tardif, 991 F.3d at 404.

But with respect to the third element of a claim under Title II, the plaintiff has failed to allege facts sufficient to establish that he was discriminated against by the defendants based on his disability. Generally, "[a] qualified individual can base a discrimination claim on any of 'three available theories: (1) intentional discrimination (disparate treatment); (2) disparate impact; and (3) failure to make a reasonable

accommodation.'" Fulton v. Goord, 591 F.3d 37, 43 (2d Cir. 2009)
(quoting Tsombanidis v. West Haven Fire Dep't, 352 F.3d 565, 573
(2d Cir. 2003)). The plaintiff has not specified which theory of
liability is applicable, so the court discusses each.

As to intentional discrimination, a plaintiff may recover
under Title II upon a showing either of "discriminatory animus
or ill will based on the plaintiff's disability," Garcia v.
S.U.N.Y. Health Scis. Ctr. of Brooklyn, 280 F.3d 98, 111
(2d Cir. 2001), or "'deliberate indifference' to the rights
secured the disabled by [the ADA]." Fera, 568 F.Supp.2d at 259
(quoting Garcia, 280 F.3d at 115). Where the plaintiff's claim
is premised on discriminatory animus or ill will based on his
disability, the plaintiff must point to "individual comparators
or other specific evidence of disparate treatment." Moore v.
City of New York, 2017 WL 35450, at *19 (S.D.N.Y. Jan. 3, 2017).
See also Ruling on Mot. for Summ. J., Lynch v. State of
Connecticut Judicial Branch, No. 15-cv-1379 (MPS) (D. Conn.
Sept. 30, 2020) (ECF No. 128) at 34 (dismissing Title II claim
where the plaintiff presented "no evidence that he was treated
differently than any non-disabled litigants" in state court
proceedings). Where the plaintiff's claim is based on deliberate
indifference to his rights, the plaintiff is not required to
identify a comparator. See, e.g., Tucker v. Univ. of New Mexico
Bd. of Regents, 618 F.Supp.3d 1201, 1220 (D.N.M. 2022). However,

deliberate indifference is an "exacting standard." Doe v. Sch.
Bd. of Broward Cty., Fla., 604 F.3d 1248, 1259 (11th Cir. 2010).
Intentional discrimination under this standard requires a
showing that a "policymaker acted with . . . deliberate
indifference to the strong likelihood that a violation of
federally protected rights will result from implementation of
the challenged policy or custom." Loeffler v. Staten Island
Univ. Hosp., 582 F.3d 268, 275 (2d Cir. 2009) (cleaned up).

     Under either standard, the plaintiff has failed to meet his
burden. With respect to discriminatory animus or ill will, the
Amended Complaint does not point to any comparators or to any
evidence that the state court treated the plaintiff any
differently from a non-disabled individual, nor does the Amended
Complaint allege facts showing animus or ill will towards
someone with a disability as a motive for the state court's
treatment of the plaintiff. See Liese v. Indian River Cty. Hosp.
Dist., 701 F.3d 334, 344 (11th Cir. 2012). With regard to
deliberate indifference, the Amended Complaint does not allege
facts about any policymaker, nor does it identify any challenged
policy or custom.

     As to disparate impact, "[t]o establish a prima facie case
under a disparate impact theory, plaintiff must demonstrate '(1)
the occurrence of certain outwardly neutral practices, and (2) a
significantly adverse or disproportionate impact on persons of a

particular type produced by the defendant's facially neutral acts or practices.'" B.C. v. Mount Vernon Sch. Dist., 837 F.3d 152, 158 (2d Cir. 2016) (quoting Tsombanidis, 352 F.3d at 574-75). "Thus, 'plaintiffs are ordinarily required to include statistical evidence to show disparity in outcome between groups,'" which "can be done by offering evidence showing that a neutral policy adversely affects a much greater percentage of people with a disability than it affects people without a disability." Id. (quoting Tsombanidis, 352 F.3d at 575). Here, the Amended Complaint does not allege any facts that could establish a prima facie case of discrimination under a disparate impact theory.

As to failure to make a reasonable accommodation, the plaintiff has only alleged facts sufficient to establish that he was regarded as disabled, not that he had an actual disability or a record of disability. Therefore, the plaintiff may not pursue a reasonable accommodation claim. See Hernandez, 100 F.Supp.3d at 267 ("[A]n individual 'regarded as' disabled is not entitled to a reasonable accommodation."). See also 42 U.S.C. § 12201(h) ("A covered entity . . . need not provide a reasonable accommodation or a reasonable modification . . . to an individual who meets the definition of disability in section 12102(1) . . . solely under subparagraph (C) of such section.").

Therefore, the plaintiff's claim under Title II against the State of Connecticut is being dismissed for failure to state a claim upon which relief can be granted.

### 2.   Judge Nguyen-O'Dowd

With respect to Judge Nguyen-O'Dowd, claims against her in her individual capacity are barred under the ADA and by judicial immunity. "Neither Title II of the ADA nor § 504 of the Rehabilitation Act provides for individual capacity suits against state officials." Garcia, 280 F.3d at 107. Insofar as the plaintiff intends to bring an ADA claim against Judge Nguyen-O'Dowd in her individual capacity, that claim is being dismissed. Likewise, for the reasons discussed above with respect to Section 1983, judicial immunity bars individual-capacity claims against Judge Nguyen-O'Dowd under the ADA. Thus, the plaintiff's individual-capacity claims pursuant to Title II against Judge Nguyen-O'Dowd are being dismissed in their entirety.

With respect to claims against Judge Nguyen-O'Dowd in her official capacity, "it is presently unsettled in the Second Circuit whether a plaintiff may assert a Title II ADA damages claim against a state actor in his or her official capacity, and, if so, under what circumstances such a claim can be maintained." Sanchez v. Bell, No. 3:22-cv-1087 (SVN), 2023 WL 363045, at *2 (D. Conn. Jan. 23, 2023). See also Dean v. Univ.

at Buffalo Sch. of Med. & Biomedical Scis., 804 F.3d 178, 194-95
(2d Cir. 2015). However, as discussed above, the plaintiff has
failed to state a claim upon which relief can be granted under
Title II because he has not alleged facts sufficient to
establish that he was discriminated against by the defendants
based on his disability. Accordingly, the plaintiff's official-
capacity claims against Judge Nguyen-O'Dowd pursuant to Title II
are being dismissed in their entirety.

    C.   **Title V of the ADA**

     To the extent the plaintiff claims a violation of Title V
of the ADA, the Amended Complaint fails to state a claim upon
which relief can be granted against either defendant.[2]

     "Title V proscribes retaliation because of a person's
opposition to any act or practice that the ADA prohibits."
McInerney v. Rensselaer Polytechnic Inst., 505 F.3d 135, 138
(2d Cir. 2007). "[T]he elements of a retaliation claim under
. . . the ADA are (i) a plaintiff was engaged in protected
activity; (ii) the alleged retaliator knew that plaintiff was
involved in protected activity; (iii) an adverse decision or
course of action was taken against plaintiff; and (iv) a causal

---

[2] Although the Amended Complaint cites only Title II of the ADA,
the plaintiff refers to retaliation throughout the Amended
Complaint and makes reference to a violation of Title V in his
motion for summary judgment (ECF No. 44).

connection exists between the protected activity and the adverse action." Weixel v. Bd. of Educ. of City of New York, 287 F.3d 138, 148 (2d Cir. 2002) (internal quotation marks and citation omitted). Here, the plaintiff does not allege facts sufficient to establish the second element of a claim for retaliation.[3]

With respect to the second element, assuming arguendo that the plaintiff was engaged in what he believed to be a protected activity, the plaintiff has not alleged facts showing that Judge Nguyen-O'Dowd or the state court knew that the plaintiff was engaging in protected activity when he did not return after recess. "As to the second element . . . , implicit in the requirement that the [actor] have been aware of the protected activity is the requirement that it understood, or reasonably could have understood, that the plaintiff's opposition was directed at conduct prohibited" by Title V. Galdieri-Ambrosini v. Nat'l Realty & Development Corp., 136 F.3d 276, 292 (2d Cir. 1998). Although the plaintiff characterizes the state court's order as retaliation for the plaintiff engaging in a protected activity, the plaintiff does not allege facts that support a reasonable inference that Judge Nguyen-O'Dowd knew that the

_____

[3] Because the plaintiff does not state a claim upon which relief can be granted under Title V, the court does not address whether Congress abrogated state sovereign immunity pursuant to the Fourteenth Amendment by enacting the ADA.

plaintiff's failure to return after recess was due to the plaintiff engaging in what he believed to be a protected activity. Rather, the March 15, 2022 order on which the plaintiff relies, attached to the Amended Complaint, merely reflects the judge's understanding that the plaintiff "failed to present his testimony and evidence as set forth in the court's scheduling order." See Am. Compl., Ex. B, at 1. Thus, the contents of the March 15, 2022 order do not support an inference that the "scheduling order" referred to there is based on the December 8, 2021 order which references "half day morning sessions." Am. Compl., Ex. A, at 1.

## IV. CONCLUSION

Accordingly, Defendants' Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 33) is hereby GRANTED. The plaintiff's claims are dismissed with prejudice for failure to state a claim upon which relief can be granted.

The Clerk shall close this case.

It is so ordered.

Dated this 8th day of August 2023, at Hartford, Connecticut.

/s/AWT
Alvin W. Thompson
United States District Judge
